128 P.3d 934

**In the Matter of the Termination of Parental Rights Regarding: Baby Girl Doe.**

**CASI FOUNDATION, INC., Petitioner–Respondent–Cross Appellant,**

v.

**John DOE, Respondent–Appellant–Cross Respondent.**

No. 31176.

Supreme Court of Idaho, Boise, November 2005 Term.

Jan. 24, 2006.

Alan E. Trimming, Ada County Public Defender, Boise, for Appellant.

Belnap & Curtis, PLLC, Boise, for Respondent.

TROUT, Justice.

John Doe (Doe) appeals from a magistrate judge's decision terminating his parental rights to his minor child, Baby Doe, which was affirmed on appeal to the district court. We hold that there is substantial and competent evidence to affirm the magistrate judge's decision to terminate Doe's parental rights on the grounds of neglect.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Doe is the unwed biological father of Baby Doe who was born on February 28, 2003.

Four days after the infant was born, Baby Doe's mother relinquished custody and control of Baby Doe to the CASI Foundation (CASI). The mother subsequently voluntarily agreed to the termination of her parental rights. The day after Baby Doe was placed in the care of CASI, Doe filed a Petition to Establish Paternity, Custody, and Support and registered notice of commencement of his paternity action with the vital statistics unit of the Idaho Department of Health and Welfare. Thereafter, CASI filed a Verified Petition for Termination of Doe's parental rights, which was ultimately amended several times by CASI. CASI filed its final amended petition on July 3, 2003. The petition sought termination on the following grounds: (1) abandonment pursuant to I.C. § 16–2005(a) and I.C. § 16–2005(h)(4), (2) neglect pursuant to I.C. § 16–2005(b), (3) inability to discharge parental responsibilities pursuant to I.C. § 16–2005(d), (4) best interest of the parent and child pursuant to I.C. § 16–2005(e) and (5) incarceration with no possibility of parole pursuant to I.C. § 16–2005(h)(3).[1]

During this time, Doe received a paternity order establishing that he was the father. The order also included a provision allowing Doe to visit with Baby Doe under the supervision of the CASI foundation, which he did on several occasions. Ultimately, the visits ended when Doe was incarcerated in May of 2003 in two felony cases involving possession of controlled substances. His earliest possible release date was May of 2005.

CASI's petition to terminate Doe's parental rights was heard in September of 2003. The magistrate judge terminated Doe's parental rights on grounds of neglect, but found that CASI failed to offer clear and convincing evidence as to the other grounds for termination. The magistrate based his neglect finding on Doe's chronic drug addiction and the fact that he encouraged Baby Doe's mother to take drugs while she was pregnant with Baby Doe. Doe appealed the finding of neglect to the district court and CASI cross-appealed, arguing the magistrate judge erred

in finding that Doe had not abandoned his child pursuant to I.C. § 16–2005(h)(4). Ruling from the bench, the district court affirmed both the finding of neglect and that Doe did not abandon Baby Doe pursuant to I.C. § 16–2005(h)(4). This appeal and cross-appeal followed.

## II.

## STANDARD OF REVIEW

When reviewing a decision rendered by the district court in its appellate capacity, this Court considers the record before the magistrate court independently of the district court's determination, giving due regard to the district court's analysis. *Roe Family Servs. v. Doe*, 139 Idaho 930, 934, 88 P.3d 749, 753 (2004). "In an action to terminate parental rights, 'where a clear and convincing standard has been noted explicitly and applied by the trial court, an appellate court will not disturb the trial court's findings unless they are not supported by substantial and competent evidence.'" *Id.* at 934, 88 P.3d at 753. "Findings are competent, so long as they are supported by substantial, albeit possibly, conflicting, evidence." *Roberts v. Roberts*, 138 Idaho 401, 405, 64 P.3d 327, 331 (2003). Only clearly erroneous findings are overturned, which means a reasonable person would not have relied on them in concluding as the fact finder did. *Opportunity, L.L.C. v. Ossewarde*, 136 Idaho 602, 605, 38 P.3d 1258, 1261 (2002). "[T]his Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated." *Doe I v. Doe*, 138 Idaho 893, 900, 71 P.3d 1040, 1047 (2003).

## III.

## ANALYSIS

### A. Termination of Parental Rights

Neglect is a ground for parental termination and was defined by the statute in

---

1. Prior to CASI filing its final amended petition, on July 1, 2003, I.C. § 16–2005(d) was amended, removing the mental deficiency requirement from the statute. Despite the change in law, it appears from the trial transcript that the parties

and the magistrate judge continued to apply the version of I.C. § 16–2005(d) prior to the July 1, 2003, amendment, which was in effect at the time the child was born and the initial petition was filed.

effect at the time of the proceeding as "a situation in which the child lacks parental care necessary for his health, morals and well-being." I.C. § 16–2005(b).[2] The question of neglect is one of fact. *Thompson v. Thompson*, 110 Idaho 93, 94, 714 P.2d 62, 63 (Ct.App.1986). Doe asserts the magistrate judge's finding of neglect is not supported by substantial and competent evidence.

Doe argues that his past substance abuse and life style are not indicative of a lack of concern for the health and well-being of his daughter. He claims that the birth of his child has "changed his life" and that he will now be able to extricate himself from his long-standing drug addiction and become a law-abiding citizen. Without having the opportunity to parent Baby Doe, he argues that a court cannot conclude that he has *already neglected* his daughter and the mere possibility of future neglect is not a sufficient ground to terminate his parental rights.

In his detailed findings, the magistrate judge found that Doe displayed poor parenting skills during his visits with Baby Doe; has not contributed any support to Baby Doe; has been unemployed since 1999; has been in and out of prison since 1988, committing new offenses after he was aware that Baby Doe's mother was pregnant with his child; and has been incarcerated throughout most of the child's life. The magistrate judge found that Doe is a chronic methamphetamine addict and has been throughout his young adult and adult life. The magistrate judge relied on the expert testimony of Dr. Mack Stephenson that, in light of Doe's repeated failures to deal with his chronic drug addiction and his pattern of long-term drug abuse, it is exceedingly unlikely that Doe will stop abusing drugs irrespective of his vow to change his life. Finally, the magistrate judge placed great weight on the evidence that Doe endangered his unborn child by encouraging Baby Doe's mother to use drugs with Doe up to one month before his daughter's birth, stating that these actions "showed no regard whatsoever for the health and well-being of his unborn daughter."

In *In Interest of Castro*, this Court affirmed the termination of a father's parental rights on grounds of neglect because he did not prevent his wife from harming their child stating that, "at the very least he acquiesced in the physical abuse of his daughter and failed to take any preventative measures to assure the child's future protection." 102 Idaho 218, 222, 628 P.2d 1052, 1056 (1981). Here, Doe not only acquiesced in Baby Doe's mother taking drugs, but actively encouraged her to do so. This case provides stronger support for the termination of the father's rights than *In Interest of Castro* where the father's rights were terminated because he did not "prevent" harm to the child. Here, Doe actively instigated the harmful conduct.

Doe also alleges the trial court erred in relying on the testimony from the CASI representatives and that the record did not contain clear and convincing evidence to support the finding that he was not bonding with his daughter and only showed rudimentary parenting skills. Doe has demonstrated no error in the magistrate judge's reliance on testimony presented by CASI, nor has he shown that the findings about his parenting skills with his daughter are not supported by substantial competent evidence. Doe also challenges the magistrate judge's reliance on the testimony of Baby Doe's mother (claiming she is unreliable because she is a self-proclaimed drug user) and on the testimony of Dr. Stephenson because he never interviewed Doe and was inexperienced in the area of termination of parental rights. This Court has taken these arguments into consideration and finds them unpersuasive.

All of the evidence discussed above, provides a substantial and competent basis for the trial court's conclusion that Doe has failed to provide the parental care necessary for Baby Doe's health, morals and well-being, and that it is in Baby Doe's best interests for Doe's rights to be terminated. We affirm the trial court's decision terminating Doe's rights. Because we affirm the finding of neglect, it is unnecessary to consider whether

---

2. On July 1, 2005, I.C. § 16–2005(b) was amended so that it no longer provides a definition of neglect.

Doe abandoned Baby Doe pursuant to I.C. § 16–2005(a) and (h)(4).

**B. Attorney Fees**

 On appeal, CASI seeks attorney's fees and costs pursuant to I.C. § 12–117, I.C. § 12–121, I.R.C.P. 41 and I.R.C.P. 54(e)(1). CASI argues that this appeal simply invites the appellate court to second-guess the trial court and that attorney's fees on appeal are appropriate if the appeal has been brought frivolously, unreasonably, or without foundation. Because of the significant parental interest involved in this case, this Court finds that the appeal was not brought frivolously or unreasonably and therefore CASI's request for attorney's fees on appeal is denied.

## IV. CONCLUSION

This Court affirms the magistrate judge's decision to terminate Doe's parental rights on the grounds of neglect. We award costs on appeal to CASI.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

