# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32362

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS REGARDING: JOHN DOE, | ) ) ) | |
| ------------------------------------------------------------ | ) | North Idaho, April 2007 Term |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2007 Opinion No. 83 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: May 25, 2007 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOE, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Honorable D. Duff McKee, Senior District Judge. Magistrate Judge Carolyn Minder.

The decision of the magistrate, affirmed by the district court terminating Jane Doe's parental rights is <u>affirmed</u>.

Ellsworth, Kallas, Talboy & Defranco, P.L.L.C., Boise, for appellant.

Honorable Lawrence G. Wasden, Attorney General; Mary Jo Beig, Deputy Attorney General, Boise, for respondent.

---

SCHROEDER, Chief Justice.

This is an appeal following the termination of parental rights of Doe.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

This case began when John Doe was arrested for drunk driving and driving without a license with his son in the vehicle. A Petition for Hearing under the Child Protective Act was filed and later amended to include counts of neglect against Jane Doe ("Doe"), alleging she was unable to fulfill her parental responsibilities due to mental health problems and unstable housing.

Ms. Doe did not have custody of her child but had supervised visitation. She was between residences so the child was placed in foster care. John Doe's parental rights were terminated when it was determined that he was not the child's biological father.

The magistrate approved an initial case plan with tasks for Jane Doe to complete. For six months after the case plan, Doe did not address any of the tasks required of her. Following a hearing in which custody was awarded to the Department of Health and Welfare, a second case plan was approved which required that Doe:

(1) participate in and successfully complete a Department approved parenting class appropriate for the child's age and level of development and demonstrate those learned skills in her visits with the child.

(2) participate in and successfully complete a Department approved Cognitive Self Change Phase One class.

(3) participate in a Department approved substance abuse education class to develop an awareness of the effect substance abuse has on children.

(4) provide stable and adequate housing for the child and show proof of that housing to the Department social worker.

(5) agree to allow the assigned social worker from Children and Family Services and the Guardian Ad Litem from CASA to make random home visits.

(6) participate in a psychological evaluation, or provide the Department a recent psychological evaluation completed within the last two months, to determine her capacity to parent and follow through with the recommendations.

(7) comply with random urinalysis that will be free of all non-prescribed medications.

After trial, the magistrate court terminated Doe's parental rights holding that the Department proved by clear and convincing evidence that Doe was unable to discharge her parental responsibilities because of her mental illness. The court held that the Department also proved by clear and convincing evidence that Doe did not complete the conditions of her case plan which can form the basis for neglect. The magistrate court's decision was upheld by the district court sitting in its appellate capacity. This appeal followed.

## II.
## STANDARD OF REVIEW

When reviewing a decision rendered by the district court sitting in its appellate capacity, this Court considers the record before the magistrate court independently of the district court's determination, giving due regard to the district court's analysis. *CASI Foundation, Inc. v. Doe*, 142 Idaho 397, 399, 128 P.3d 934, 936 (2006). In an action to terminate parental rights where a trial court has noted explicitly and applied a clear and convincing standard, an appellate court will not disturb the trial court's findings unless they are not supported by substantial and competent evidence. *Id.* Substantial competent evidence is "evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Doe*, 143 Idaho 343, 345-46 144 P.3d 597, 599-600 (2006) (quoting *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997)).

## III.
## THERE IS SUBSTANTIAL COMPETENT EVIDENCE TO TERMINATE DOE'S PARENTAL RIGHTS

The magistrate court found that there was substantial and competent evidence to terminate Doe's parental rights based upon I.C. § 16-2005. The relevant subsections in effect at the time allow for termination of parental rights were:

> b. The parent has neglected or abused the child. Neglect as used herein shall mean a situation in which the child lacks parental care necessary for his health, morals and well-being.
> . . . .
> d. The parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child.
> e. If termination is found to be in the best interest of the parent and child, where the petition has been filed by a parent or through an authorized agency, or interested party.

I.C. § 16-2005 (2003). A court may grant a termination order if one or more of those conditions exist. *Id.*; *see also Doe*, 143 Idaho at 346, 144 P.3d at 600. The magistrate judge determined that there was substantial evidence on which to base a termination of Doe's parental rights.

**Case Plan.** The magistrate judge followed statutory procedures by setting up a case plan for Doe to follow in order to work toward returning the child to Doe. *See* I.C. § 16-1610 (2001) (redesignated in 2005 as I.C. § 16-1621). Doe did not complete three of the tasks in her case

3

plan which required her to: (1) attend a parenting class and apply the knowledge she gained from the class in interaction with her child; (2) obtain substance abuse education tailored toward those who are family members of substance abusers; and (3) comply with a psychologist's mental health recommendations.

Doe's case worker testified that Doe did what she could in order to complete the case plan, but she did not gain what she was supposed to from the completed tasks. Part of the case plan involved applying what she had learned in a parenting class. She attended the class, but she did not demonstrate that she had learned any skills as required to complete this task. She was also required to comply with her psychologist's recommendations which included taking prescribed medication. Doe testified that she was taking her medication and would in the future, but substantial evidence was presented that she took only the medication she felt she needed and did not take all the prescribed medications. She also did not complete the required substance abuse class. Instead, she went to a substance abuse evaluation.

**Parental Duties.** The magistrate judge held that the evidence was "essentially uncontroverted" that Doe is unable to discharge parental responsibilities because of her mental illness and that her condition will continue for a prolonged period and is injurious to the health, safety, morals and well-being of the child. Doe has been diagnosed with several different mental disorders including bipolar disorder, schizoaffective disorder, and anxiety. She does not believe she has severe mental problems. She characterizes them as slight and believes they will eventually go away. However, there was substantial evidence introduced that Doe will consistently require care for her mental disorders. Evidence was also introduced that her mental illness will have a negative impact on her child.

**Best Interests.** The magistrate judge held that it was in the best interests of the child to terminate Doe's parental rights. Evidence in the form of testimony and psychological reports indicated that termination of Doe's parental rights would be in best interest of the child.

There was substantial and competent evidence to find that Doe's parental rights should be terminated. The magistrate court's decision stemmed from many findings of fact in the memorandum decision based on testimony and reports from psychologists and case workers.

## IV.
## CONCLUSION

The decision of the magistrate affirmed by the district court terminating Doe's parental rights is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.