# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35713

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF JOHN DOE, CHILD AND JOHN DOE I, PARENT | ) ) ) ) ) | Boise, February 2009 Term |
| | ) | 2009 Opinion No. 67 |
| DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed: May 7, 2009 |
| Plaintiff-Respondent, v. | ) ) ) ) | Stephen W. Kenyon, Clerk |
| JOHN DOE I, | ) ) | |
| Defendants-Appellants | ) ) | |

Appeal from the Third Judicial District of the State of Idaho, Canyon County. Hon. Michael J. Griffin, Magistrate Judge.

This appeal is <u>dismissed</u> for lack of jurisdiction.

Canyon County Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

W. JONES, Justice

## I. NATURE OF CASE

John Doe I (Appellant) appeals the decision of Magistrate Judge Griffin of the Third Judicial District to terminate Appellant's parental rights to his son, John Doe (Doe). Because we do not have jurisdiction to hear this case, we decline to review Appellant's claims on the merits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2008, after conducting a hearing on the matter, Magistrate Judge Griffin entered Findings of Fact, Conclusions of Law and Decree, terminating the parent-child relationship between Appellant and Doe. Pursuant to I.C. § 16-2005, the court based its decision on the grounds of neglect, the best interests of the parent and child, and abandonment.

1

On April 8, 2008, Appellant filed a notice of appeal with the magistrate court to give notice that he was appealing that court's decision to the Third Judicial District Court. District Judge Ryan was assigned to the case and facilitated appellate proceedings in the district court. At that point, the district court obtained jurisdiction over this matter.

On September 25, 2008, Magistrate Judge Griffin entered an Order Recommending the Supreme Court Accept a Direct Permissive Appeal Pursuant to I.A.R. 12.1. Magistrate Judge Griffin noted that the recommendation was "on [his] own initiative" and based on his belief that "the best interest of the child would be served by an immediate appeal."

On October 3, 2008, this Court entered an Order Granting a Direct Permissive Appeal and Expediting Appeal Process. That order states that the appeal "shall proceed as if from a final judgment or order entered by the District Court." It then sets a briefing schedule for the parties. No notice of appeal was filed to this Court. Neither party raises these jurisdictional issues on appeal.

## III. ISSUES ON APPEAL

A. Whether the magistrate court had jurisdiction to recommend that this Court accept a direct permissive appeal?

B. Whether Appellant's failure to file a notice of appeal to this Court precludes this Court from having jurisdiction to hear this case?

## IV. STANDARD OF REVIEW

"Even though none of the parties has raised the issue of jurisdiction on appeal, '[t]he question of subject matter jurisdiction may be raised by the Court at any time *sua sponte*.'" *Erickson v. Idaho Bd. of Registration of Professional Engineers and Professional Land Surveyors*, __ Idaho __, __, __ P.3d __, __ (2009) (quoting *In re Quesnell Dairy*, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007)).

## V. ANALYSIS

**The magistrate court did not have jurisdiction to recommend that this Court accept a direct permissive appeal.**

In termination of parental rights cases a magistrate court is permitted to enter, on its own initiative, an order recommending permission to appeal directly to this Court, see I.A.R. 12.1:

> Whenever the best interest of a child would be served by an immediate appeal, any party or the magistrate hearing a case may petition the Supreme Court to accept a direct permissive appeal of a judgment or order involving the custody of

2

a minor, a Child Protective Act proceeding, the termination of parental rights, or an adoption, without first appealing to the district court.

However, the magistrate court must have jurisdiction over a case to make such a recommendation. When an appeal is taken from district court to the Supreme Court, pending such appeal the district court retains the powers enumerated in I.A.R. 13(b). Pursuant to I.R.C.P. 83(u)(1), when an appeal is taken from magistrate court to a higher court, the appeal is handled in the same manner as an appeal from the district court to the Supreme Court. I.R.C.P. 83(u)(1) provides:

> Upon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and law of this state, and the appellate rules of the Supreme Court.

Thus, pursuant to I.R.C.P. 83(u)(1), when an appeal is taken from the magistrate court to a higher court, the magistrate court retains the powers enumerated in I.A.R. 13(b). Recommending a direct permissive appeal pursuant to I.A.R. 12.1 is not one of the powers enumerated in I.A.R. 13(b). Therefore, the magistrate court's recommendation had no force or effect and was improvidently accepted by this Court.

**Appellant's failure to file a notice of appeal to this Court precludes this Court from having jurisdiction to hear this case.**

After this Court enters an order permitting parties in a case regarding termination of parental rights to appeal directly to the Supreme Court, the parties are required to file a notice of appeal with the lower court, see I.A.R. 12.1(d):

> Any appeal by permission of a judgment or order of a magistrate under this rule shall not be valid and effective unless and until the Supreme Court shall enter an order accepting such judgment or order of a magistrate, as appealable and *granting leave to a party to file a notice of appeal within a time certain*.

(Emphasis added). In this case Appellant failed to file a notice of appeal to this Court. It appears that the Clerk of this Court was not aware that such notice of appeal had not been filed, but instead the case had only been appealed from the magistrate court to the district court. This Court does not have the power to confer jurisdiction where it has none, even if only to correct a seemingly technical error. Even if the magistrate court properly had jurisdiction to recommend a permissive appeal to this Court, we would not have jurisdiction to hear the case due to the lack of

3

notice of appeal in the record. See *Martin v. Soden*, 80 Idaho 416, 419, 332 P.2d 482, 483 (1958) ("The filing of the notice of appeal . . . [is] jurisdictional. In the absence of compliance with the provisions of the code, this Court has no jurisdiction to entertain the appeal"). Thus, we are precluded from reviewing this case on the merits because a notice of appeal to this Court was never filed.

## VI. CONCLUSION

The fact that the magistrate court did not have jurisdiction to recommend a permissive appeal to this Court and Appellant's failure to file a notice of appeal to this Court preclude us from reviewing this case on the merits. Thus, Appellant's attempted appeal to this Court of the magistrate court's decision to terminate Appellant's parental rights to Doe fails for lack of jurisdiction. The appeal is therefore dismissed.


HORTON, J., specially concurring

I reluctantly join in the majority's conclusion that the failure to file a notice of appeal to this Court deprives this Court of jurisdiction to entertain the instant appeal. However, given the fundamental liberty interest associated with the parent-child relationship, I believe that a discussion of this Court's shared responsibility for Appellant's failure to file a notice of appeal and discussion of the merits of this appeal is warranted. Appellant claims that there is insufficient evidence supporting the magistrate court's order terminating his parental rights. I disagree.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Doe was born on April 6, 2005. At the time of his birth, Doe's mother was incarcerated in prison,[1] and Appellant had absconded from parole, was living in Oregon, and could not care for his child. Thus, as a newborn, Doe was sent to live with his maternal grandmother in Nampa, Idaho.

Appellant testified that during Doe's infancy, he would visit Idaho to see his child at Doe's grandmother's home a couple of times per week. Appellant was unemployed at this time. Appellant's parents were "helping the baby out" by giving money to Appellant to give to Doe's grandmother to help support Doe. Appellant testified that during this time he gave Doe $40 or $50 when he had it, a car seat, a baby carriage, and some diapers and clothing.

---

[1] Doe's mother voluntarily terminated her parental rights on January 31, 2007.

On November 30, 2005, Doe's grandmother was arrested on a warrant and the Nampa Police Department declared Doe in imminent danger. At this time, Appellant's whereabouts were unknown to authorities and Doe was placed in the protective custody of the Department of Health and Welfare (the Department). On April 24, 2006, the Department placed Doe with the child's maternal grandfather and his wife (Foster Parents). The Foster Parents testified that it has been "very natural" to include Doe in their family and that "[h]e's just fit[] right in." Doe is "very well behaved," "very happy," and "healthy" in his new home with the Foster Parents and their other three children. If Doe becomes available for adoption, the Foster Parents plan to adopt him.

While Doe was in the Department's custody, the Department attempted to locate Appellant using its parent locator system and by discussing the matter with Doe's relatives. It was not until October or November 2006 that a Department case manager located Appellant at the Payette County Jail where he was incarcerated on charges of possession of a controlled substance with intent to deliver. Appellant remained incarcerated, either in the Payette County jail or in the custody of the Idaho Department of Correction until the magistrate court terminated his parental rights.

The case manager visited Appellant at the Payette County Jail to develop a case plan for Appellant and Doe. The case plan required Appellant to accomplish a number of goals, including securing employment upon release, providing a stable home environment, completing a substance abuse assessment and complying with its recommendations, submitting to drug testing, attending parenting classes, and visiting regularly with Doe. It would have been impossible for Appellant to complete most of these goals while incarcerated, therefore the case manager informed Appellant that he should write letters to Doe to keep in contact. Appellant has only written one letter to Doe and one letter to the Foster Parents. The case manager spoke to Appellant about the importance of maintaining contact with the Department via telephone, but Appellant only called the Department sporadically. This latter failure to maintain contact is of less significance than Appellant's failure to contact Doe and the Foster Parents in light of the case manager's testimony that it is difficult to reach caseworkers at the Department via telephone. The case manager also testified that Appellant asked how Doe was doing during their telephone conversations and demonstrated that he cared about his child.

Immediately following the trial, the magistrate court made oral findings on the record, explaining that there was clear and convincing evidence to support its decision to terminate Appellant's parental rights. The court invited both parties to submit proposed orders, but the record reflects that Appellant did not submit a proposed order. On February 27, 2008, the magistrate court signed Respondent's proposed Findings of Fact, Conclusions of Law and Decree (Termination Decree), terminating the parent-child relationship between Appellant and Doe. The court based its decision on the grounds of neglect, the best interests of the parent and child, and abandonment.

Appellant filed a timely notice of appeal to the district court. Almost six months later, during the pendency of that appeal, the magistrate judge entered an order recommending that this Court accept a direct permissive appeal pursuant to I.A.R. 12.1. This Court granted leave to pursue the permissive appeal.

In his appeal, Appellant asks this Court to set aside the Termination Decree and allow a case plan directed at reunification. As I do not believe that this appeal has substantive merit, I would affirm but for the procedural bar for the following reasons.

## II. STANDARD OF REVIEW

The State must prove the grounds for terminating a parent-child relationship by clear and convincing evidence. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006); I.C. § 16-2009. In an action to terminate parental rights, where a trial court has applied a clear and convincing evidentiary standard, this Court must determine if the magistrate court's decision was supported by substantial and competent evidence. *State v. Doe*, 144 Idaho 534, 535, 164 P.3d 814, 815 (2007) (citing *CASI Found., Inc. v. Doe*, 142 Idaho 397, 399, 128 P.3d 934, 936 (2006)). "Substantial, competent evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *State v. Doe*, 143 Idaho 343, 345-46, 144 P.3d 597, 599-600 (2006) (quoting *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997)). This Court will indulge all reasonable inferences in support of the magistrate court's judgment when reviewing an order terminating parental rights. *CASI Found.*, 142 Idaho at 399, 128 P.3d at 936 (citing *Doe I v. Doe*, 138 Idaho 893, 900, 71 P.3d 1040, 1047 (2003)).

## III. ANALYSIS

A parent has a fundamental liberty interest in maintaining a parent-child relationship. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002) (citing *Quilloin v. Walcott*, 434 U.S.

246 (1978)). "'A parent's right to custody, care and control of his or her child is a fundamental liberty right protected by the Fourteenth Amendment.'" *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007) (quoting *In re Bush*, 113 Idaho 873, 875, 749 P.2d 492, 494 (1988)). Our legislature also recognizes the importance of maintaining the parent-child relationship: "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." I.C. § 16-2001. Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006) (citation omitted).

I.A.R. 12.1(d) provides: "Any appeal by permission of a judgment or order of a magistrate under this rule shall not be valid and effective unless and until the Supreme Court shall enter an order accepting such judgment or order of a magistrate, as appealable and *granting leave to a party to file a notice of appeal within a time certain*." (emphasis added) Unfortunately, this Court's order did not conform to the Rule's requirement as it contained no grant of leave to "file a notice of appeal within a time certain." Presumably as a result, no notice of appeal to this Court has been filed. Unfortunately, the absence of a notice of appeal deprives this Court of jurisdiction to entertain this appeal for the reasons stated in the majority opinion. Because this Court's order evidently contributed to Appellant's failure to file a notice of appeal to this Court, I believe that discussion of the merits of this appeal is warranted.

The Department filed a petition for the termination of the parent-child relationship pursuant to I.C. § 16-2005. Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child; or (e) the parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority. I.C. § 16-2005(1). Each statutory ground is an independent basis for termination. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007) (citing *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991)). The court may also terminate parental rights if it finds that termination is in the best interest of the parent and child. I.C. § 16-2005(3).

7

Appellant raises three points to support his argument that the Termination Decree is not supported by substantial and competent evidence. First, he argues that the magistrate court erred when it did not consider the best interest of the parent or inability to discharge parental duties in its oral findings, but nonetheless entered findings of fact based on these grounds in its written order. Second, Appellant argues that the magistrate court's oral finding of lengthy incarceration is not supported by substantial and competent evidence. Third, he argues that the magistrate court's findings of abandonment and neglect are not supported by substantial and competent evidence.

### A. There is substantial and competent evidence in the record supporting the magistrate court's finding that termination was in Appellant's best interest.

Appellant argues that the magistrate court, when making oral findings, did not discuss the best interest of Appellant or Appellant's inability to discharge his parental duties, and therefore, the Termination Decree that was also based upon those findings, must be reversed. However, Appellant is incorrect that the Termination Decree is based, in part, upon Appellant's inability to discharge his parental duties. Instead, the grounds listed in the Termination Decree include: (1) neglect; (2) the best interests of the parent and child; and (3) abandonment. Therefore, I would not address whether the magistrate court's decision was improperly based on Appellant's inability to discharge his parental duties because neither the court's oral findings, nor its written findings in the Termination Decree were based upon that ground.

The magistrate court did, however, find that termination was in the best interest of Appellant and Doe. There was substantial and competent evidence to support the court's finding based on Appellant's lack of interest in participation in Doe's life and his lack of commitment to bettering his own life. The record shows that Appellant has: (1) never lived with Doe; (2) failed to provide Doe with necessities such as food, clothing, or shelter on a regular basis; and (3) had very limited contact with Doe since Doe was an infant. Appellant chose to abscond from parole to Oregon around the time Doe was born rather than involving himself in Doe's life or attempting to get his own life back on track. Since that time, Appellant has relied on his parents, the Department, or Doe's grandmother to care for Doe.

Appellant was incarcerated at the time of the trial, with at least eight months remaining on his sentence before he was eligible for release. He testified that from his teenage years to mid-40's he has only been sober for one year. When asked if he was more concerned with

getting arrested than maintaining a relationship with his son, Appellant responded that he was "not sure."

Since the age of one, Doe has lived with the Foster Parents and he views them as his parents. The Foster Parents plan to adopt Doe if he becomes available for adoption. At trial, Appellant did not testify that he wanted to establish a parent-child relationship with Doe. Rather, Appellant testified that he does not wish to take Doe away from the Foster Parents. Instead, he would like to be a "friend of the family" or treated "like an uncle." Appellant presented essentially no evidence suggesting that termination of the parent-child relationship was not in his or Doe's best interest. There was no showing that Appellant or Doe would benefit in any manner if his parental rights were not terminated. If the issue were properly before this Court, I would conclude that substantial and competent evidence supported the magistrate court's finding that termination was in the best interest of Appellant and Doe.

**B. The magistrate court's order did not include a finding that Appellant was likely to remain incarcerated for a substantial period of time, and I therefore would decline to consider this issue.**

Appellant contends that the record does not contain substantial and competent evidence that he is likely to remain incarcerated for a substantial period of time. However, the magistrate court's order did not include a finding based on this ground. The magistrate court made comments as to this ground in its oral findings, but because it did not discuss Appellant's incarceration in its written findings and order, I would decline to consider Appellant's argument on this issue.

**C. There is substantial and competent evidence in the record supporting the magistrate court's finding that Appellant abandoned and neglected Doe.**

Appellant argues that there is not substantial and competent evidence showing that he abandoned and neglected Doe. In support of this argument, he relies on *Doe v. State*, 137 Idaho 758, 53 P.3d 341 (2002). In that case, the parent had been incarcerated the entirety of the child's life. *Id*. at 759, 53 P.3d at 342. Even though the actions of the parent were severely restricted while incarcerated, the record indicated that the parent did all he could to establish a relationship with his child. The parent sent the child gifts and attempted to contact the child through the Department and the child's maternal grandmother, but was unsuccessful. *Id*. at 762, 53 P.3d at 345. We therefore vacated the judgment terminating the parental rights of the parent in that case. *Id*.

Appellant's conduct in the instant case does not compare favorably with the efforts of the incarcerated parent in the case upon which he relies. In the instant case, the magistrate court considered the fact that when Doe was born, Appellant absconded to Oregon to hide from the law. The court properly observed "that's not much of an excuse" to be absent from the child's life. Although Appellant provided a car seat, a stroller, and some money when he had it, the magistrate court did not consider those minor contributions akin to being a parent. The court also correctly noted that visiting, caring for, or even changing a diaper and playing with an infant "is one thing, but that's not being a parent in the sense of a normal parent/child relationship."

Appellant's situation is much more analogous to *In re Doe*, 143 Idaho 343, 144 P.3d 597 (2006), where this Court found sufficient evidence to affirm the lower court's order terminating a father's parental rights based upon, *inter alia*, neglect. There, this Court found that, although the father had the opportunity to provide for "the health, morals and well-being of his daughter," he instead chose to see her sporadically during the times he was not incarcerated, which totaled a period of approximately six weeks out of approximately two years. *Id*. at 346-47, 144 P.3d at 600-01. The father then chose to abscond from probation rather than to provide a stable, supportive environment for his daughter. *Id*. at 346, 144 P.3d at 600. The child had an opportunity to be adopted by responsible parents with a stable home, in marked contrast to what she had known for the first seven years of her life. *Id*. at 348, 144 P.3d at 602. This Court stated that "[t]he nominal amount of time he spent with his daughter and his inability to comply with the law is contrary to providing for the health, morals, and well-being of [the child]." *Id*. at 346-47, 144 P.3d at 600-01. I view the reasoning of this case as applicable to the instant case. Accordingly, I would hold that there was substantial and competent evidence supporting the magistrate court's findings that Appellant neglected and abandoned Doe.

### IV. CONCLUSION

I am conscious that Appellant's failure to file a notice of appeal to this Court renders this concurrence mere dicta. However, I think that the prudential considerations that would normally warrant silence as to the merits of this appeal are outweighed by the liberty interest in the parent-child relationship. Considering the substantive issues presented on appeal, I would hold that there was substantial, competent evidence supporting the magistrate court's decision to terminate Appellant's parental rights and I would therefore affirm.

Justices BURDICK, J. JONES and J. Pro Tem KIDWELL, **CONCUR.**