**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50678**

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) ) ) |  Filed:  July 26, 2023  ) Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JANE DOE (2023-13), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Andrew Ellis, Magistrate.

Appeal from order finding aggravating circumstances in a child protective case, <u>dismissed</u>.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter Mommer, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

Jane Doe (2023-13) appeals from an order finding aggravated circumstances in a Child Protective Action (CPA) case.  For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the child that is the subject of this action.  The child was born in 2023. The child was declared in imminent danger after testing positive for a controlled substance at birth

1

and was removed from Doe's care. After a shelter care hearing, the magistrate court entered a shelter care order, placing the child in the temporary custody of the Idaho Department of Health and Welfare. Two days prior to entry of the shelter care order, the prosecutor filed a motion pursuant to I.C. § 16-1602(6), I.C. § 16-1619(6)(d), and I.J.R. 39(m) and requested a finding of aggravated circumstances based on the prior involuntary termination of Doe's parental rights to three of her other children.[1] Doe opposed the motion, arguing that I.C. § 16-1602(6)(c)--the statute defining aggravated circumstances as including a prior involuntary termination of parental rights--is unconstitutional for a variety of reasons. The magistrate court rejected Doe's constitutional challenge and found that the Department had proven the existence of aggravated circumstances based on the prior termination of Doe's parental rights in a separate case.

Subsequently, the magistrate court, citing I.A.R. 21, granted Doe's motion for permission to appeal her constitutional challenge to I.C. § 16-1602(6)(c) and the finding of aggravated circumstances directly to the Idaho Supreme Court. The magistrate court entered a document captioned "Judgment as to Aggravated Circumstances" in order to "avoid any hiccup with the Supreme Court taking this matter up for lack of a judgment." Doe appeals.

## II.

## STANDARD OF REVIEW

An appellate court has a duty to ensure that it has subject matter jurisdiction over an appeal, which includes raising the issue sua sponte. *City of Eagle v. Idaho Dep't of Water Res.*, 150 Idaho 449, 454, 247 P.3d 1037, 1042 (2011). This Court exercises free review over jurisdictional issues, including whether dismissal for lack of jurisdiction was properly granted. *Paslay v. A & B Irr. Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017).

---

[1] Idaho Code Section 16-1602(6) defines aggravated circumstances and includes the prior involuntary termination of parental rights. I.C. § 16-1602(6)(c). Idaho Code Section 16-1619 governs the adjudicatory hearing and requires the court to make certain findings regarding the Department's reasonable efforts to prevent placement of the child in foster care, including, when appropriate, findings regarding whether aggravated circumstances exist that would allow the Department to forego reasonable efforts at reunification between the parent and child. I.C. § 16-1619(6)(d). Idaho Juvenile Rule 39(m) provides that, at the shelter care hearing, or at any other time, the court may consider a party's motion regarding the existence of aggravated circumstances.

## III.

## ANALYSIS

Doe argues that the magistrate court erred in granting the Department's motion for aggravated circumstances because I.C. § 16-1602(6)(c) is unconstitutional. The Department responds that the magistrate court properly rejected Doe's constitutional challenge. Because I.A.R. 12.1 does not authorize permissive appeals from an order finding aggravated circumstances, such an order is not a final judgment or order entered after final judgment in a CPA proceeding. Accordingly, we dismiss Doe's appeal for lack of appellate jurisdiction.[2]

The magistrate court entered a "judgment" as to aggravated circumstances and granted permission to immediately appeal to the Supreme Court. Thereafter, Doe filed a notice of permissive appeal. The notice of permissive appeal states the judgment as to aggravated circumstances is appealable pursuant to I.A.R. 11.1, 12.1, and 12.2. Idaho Juvenile Rule 49 governs the right to appeal in a CPA case. The rule provides, in pertinent part, that "an aggrieved party may appeal to the district court those orders of the court in a C.P.A. action specified in I.C. § 16-1625" *or* the aggrieved party may seek a permissive appeal to the Idaho Supreme Court pursuant to I.A.R. 12.1. Thus, in order to bypass an appeal to the district court, and pursue a permissive appeal to the Idaho Supreme Court, the aggrieved party must comply with I.A.R. 12.1.

Idaho Appellate Rule 12.1 authorizes an immediate permissive appeal to the Idaho Supreme Court from either (1) a final judgment as defined in Idaho Rule of Family Law Procedure 802 or an order entered after final judgment involving the custody of a minor, or (2) a final judgment or an order entered after final judgment in a CPA proceeding. Thus, for the magistrate court to properly grant Doe permission to appeal directly to the Supreme Court under I.A.R. 12.1, the magistrate court's judgment as to aggravated circumstances must constitute a final judgment or an order entered after a final judgment.

Regardless of the title appearing in the caption of the document, the judgment as to aggravated circumstances is not a final judgment, it is an interlocutory order. *See Idaho Dep't of Health & Welfare v. Doe (2013-15)*, 156 Idaho 103, 107, 320 P.3d 1262, 1266 (2014) (holding

---

[2]     Although neither party raised a jurisdictional issue, a question of subject matter jurisdiction may be raised sua sponte by this Court at any time. *Dep't of Health & Welfare v. Doe I*, 147 Idaho 314, 315, 208 P.3d 296, 297 (2009).

that finding of aggravated circumstances is an interlocutory order).  Nor is the finding of aggravated circumstances an order entered after a final judgment in a CPA proceeding.  Although the document was entered subsequent to the adjudicatory decree finding the child to be within the jurisdiction of the Child Protective Act, the adjudicatory decree does not constitute a final judgment under I.A.R. 12.1.  In the context of child protection actions and termination proceedings, the Idaho Supreme Court has observed that a final order is an order that terminates the litigation between the parties and the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.  *Doe*, 156 Idaho at 107, 320 P.3d at 1266.  Entry of an adjudicatory decree does not terminate litigation in a child protection case.  *See*, *e.g.*, I.C. § 16-1620 (providing for permanency hearings); I.C. § 16-1623(5) (providing for amended disposition with such order treated as part of original adjudicatory decree under I.C. § 16-1619).  Because the adjudicatory decree is subject to modification, it is not a final order or final judgment.  *See Doe*, 156 Idaho at 107, 320 P.3d at 1266.  Therefore, the magistrate court lacked authority under I.A.R. 12.1 to grant Doe permission to appeal directly to the Idaho Supreme Court.  Accordingly, this Court lacks jurisdiction to hear this appeal.  The appeal is, therefore, dismissed.

**IV.**

**CONCLUSION**

This Court lacks subject matter jurisdiction to consider Doe's arguments challenging the magistrate court's order granting the Department's motion for aggravated circumstances.  Accordingly, we dismiss this appeal for lack of jurisdiction.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4