152 P.3d 562 (2007)
In re QUESNELL DAIRY Review of Administrator's Approval Decision on LCO Expansion and Subsequent Appeal Decision by the Board of County Commissioners.
Lee Halper, Appellant-Appellant on Appeal, and
Gerald Huettig; Evan Kohtz; and Scott & Diana Breeding, Appellants,
v.
Jerome County; Jerome County Board of Commissioners; Jerome County Planning and Zoning Commission; and Jerome County Zoning Administrator, Respondents-Respondents on Appeal, and
Harvey Quesnell Ranches, Inc., Intervenor-Respondent on Appeal.
No. 31819.
Supreme Court of Idaho, Twin Falls, November 2006 Term.
January 26, 2007.
*563 Hutchinson & Brown, LLP, Twin Falls, for appellant; Patrick D. Brown argued.
J.O. Nicholson III, Jerome County Prosecuting Attorney, Jerome; William L. Herrington, Moscow; Mason & Stricklin, LLP, Coeur d'Alene, for respondents; William L. Herrington argued.
Fredericksen, Williams, Meservy, & Lothspeich, LLP, Jerome, for intervenor-respondent; Robert E. Williams argued.
TROUT, Justice.
Lee Halper appeals from a district court decision dismissing his petition for judicial review on the grounds that it was not timely filed pursuant to Idaho Code section 67-6521(d). Halper contends that because a governmental authority, the Jerome County Commissioners (the Commissioners), misled the public about when the appeal time expired, his appeal to the district court should not have been dismissed.

I.

FACTUAL AND PROCEDURAL BACKGROUND
In January 2002, Harvey Quesnell Ranches, Inc. (Quesnell), an intervenor in the district court and in this appeal, filed an application with Jerome County seeking approval for a livestock confinement permit to construct and operate a cattle feed operation. The Jerome County Planning and Zoning Administrator approved the application and Halper appealed that to the Jerome County Planning and Zoning Commission (P & Z). P & Z held a hearing and ultimately concluded that Quesnell's application should be approved. Halper then timely appealed that decision to the Commissioners who held a hearing and then entered their written findings of facts and conclusions of law upholding the Jerome County Planning and Zoning Administrator's decision. The findings, which were signed and dated June 28, 2002, contained the following language as the final paragraph:
This decision is subject to an appeal process, as specified in the Jerome County Zoning Ordinance and Idaho Code and DOES NOT become final until that appeal period has expired. The date of expiration in this case is July 29, 2002.
On July 29, 2002, Halper filed a Notice of Appeal and Petition for Judicial Review, relying on the deadline stated in the Commissioners' written decision. The district judge *564 originally assigned to this appeal sua sponte raised the issue of whether Halper's appeal was timely. After reading the transcript of the June 28, 2002 Commissioners' meeting, the district court found "ambiguous" whether the date of June 28th was incorrectly entered (i.e. whether June 28 was on a draft, which was later corrected and then signed retaining the incorrect date) or if it was actually finalized June 28th and a miscalculation occurred in determining the expiration of the appeal. At Halper's request, the district judge stayed the order so the Jerome County computers could be examined to determine if information contained on the computers supported the conclusion that the Commissioners signed the decision on June 28, 2002. The County was unable to locate definitive evidence from the computer showing when the document was signed. Thereafter, the Commissioners filed affidavits indicating the decision was actually signed on June 28, 2002 and based upon that, the district judge determined the appeal was "factually untimely." Judge Carlson was then assigned the case and, after reviewing the record, he also concluded the Petition for Review filed on July 29th was not timely and therefore, he lacked jurisdiction. The district court dismissed the appeal and Halper now appeals that decision.

II.

STANDARD OF REVIEW
Issues of subject matter jurisdiction present questions of law over which appellate courts exercise free review. State v. Barros, 131 Idaho 379, 380, 957 P.2d 1095, 1096 (1998). The question of subject matter jurisdiction may be raised by the Court at any time sua sponte. Rural Kootenai Organization, Inc. v. Board of Comm'rs, 133 Idaho 833, 836, 993 P.2d 596, 599 (1999).

III.

DISCUSSION
A. Timeliness of Petition for Judicial Review
Idaho Code § 67-5273(3), which is the section pertinent to appeals from land use decisions, provides in part: "A petition for judicial review of a final agency action other than a rule or order must be filed within twenty-eight (28) days of the agency action, except as provided by other provision of law." Requirements for timely filing of an appeal are jurisdictional. Floyd v. Board of Comm'rs of Bonneville County, 137 Idaho 718, 723, 52 P.3d 863, 868 (2002). Absent compliance with a statute's filing requirements, a court has no jurisdiction to review a board of commissioner's final determination. Id. In this appeal, Halper argues the case should be decided under an extension of Idaho precedent, which recognizes that the public is entitled to relief if misled as to when the appeal period runs.
This Court has held that when confusion arises as to when a governmental agency has made a final decision, thus starting the clock for the appeal period, the public will not be held accountable for the consequences of such inadequate notice. Petersen v. Franklin County, 130 Idaho 176, 184, 938 P.2d 1214, 1222 (1997). In Petersen, the Franklin County commissioners held a series of meetings at which they discussed a proposed landfill site. At one of those meetings, the commissioners made their site selection; however, the public had no way of knowing the commissioners' decision was final and that the appeal period had begun to run. In fact, after the hearing the public was invited to make comments to the commissioners within thirty days. This Court noted that "the public was led to believe that there was a 30 day period in which to object . . . rather than a 28 day period in which to appeal a final decision under the APA. I.C. section 67-5273(3)." 130 Idaho at 183, 938 P.2d at 122l. The minutes of the meeting in which the decision was reached reveal that the commissioners consistently referred to the "proposed" landfill and never referred to the decision as final. The commissioners also failed to publish the decision as required by law, further adding to the confusion as to whether the decision was final. A combination of these factors led this Court to conclude that the commissioners "deprived the public of adequate notice that the twenty-eight (28) day time period for appealing the site selection had begun to run." Id. at 184, 938 P.2d at 1222. Consequently, the district court was not deprived of jurisdiction. The Petersen case illustrates the need for the agency making a final decision to make clear *565 when the decision becomes final so an aggrieved party knows precisely when the appeal period begins to run.
Idaho Code § 67-6521(d) regarding local land use planning and the general IDAPA provision in § 67-5273 provide a 28-day time limit within which an appeal must be filed. Halper mischaracterizes Petersen in his brief by asserting the case stands for the proposition that an appeal period is tolled where the public is misled about when that period runs. This incorrectly implies that the 28-day appeal period under I.C. § 67-6521(d) was extended due to confusion as to when the appeal period ran. Rather, Petersen protects the integrity of the 28-day appeal period and simply notes that the agency must be clear in indicating when the decision is final and hence, appealable.
In the instant case, in language quoted above, the Commissioners issued their findings and conclusions with confusing language, which can be read to indicate either that the decision would not become final until July 29, 2002, or that July 29th was the date on which the appeal time would expire. For the purposes of this appeal, we need not determine which version was correct and need only focus on the language making July 29, 2002, the final date on which an appeal could be filed. As evidenced by the district court's confusion, it is not clear when the decision became final. In its opinion, the district court expressed uncertainty as to whether the Commissioners signed the decision on June 28th (a Friday) or whether they actually signed it on July 1st(the following Monday), inadvertently using the incorrect date. Another realistic possibility that was not articulated by the parties is that the decision was signed on June 28th, late on a Friday, with the intent that it be filed and become final on the following business day, July 1st. Regardless of what led to the discrepancy between the dated signatures and the filing deadline, it was logical for the aggrieved party, Halper, to assume that the Commissioners' June 28th decision was not effective until July 1, 2002, and the time for appeal would not expire until July 29, 2002, as indicated in the written findings. Such an assumption was reasonable in light of the wording of the final paragraph of the Commissioners' findings and conclusions.
On appeal, the Commissioners correctly point out that the provisions regarding time for appeal are set by state statute and the counties and cities have no authority to amend those time limits within their own zoning ordinances. See Idaho Const. art. VII, § 2 ("Any county or incorporated city or town may make and enforce . . . regulations as are not in conflict with its charter or with the general laws."); Gumprecht v. City of Coeur d'Alene, 104 Idaho 615, 617, 661 P.2d 1214, 1216 (1983) (holding that proposed initiative to adopt zoning ordinance was void because it conflicted with state legislation). Admittedly, the Commissioners here could not adopt a zoning ordinance which set the time for appeal at some time in excess of 28 days. That does not mean, however, that the Commissioners lack the authority to determine when a decision is final and appealable. On the contrary, the determination of when a board of county commissioners has concluded public testimony and their deliberations and have made a final ruling is entirely within the discretion of the board. The board is simply required to clearly notify the public of the date of that decision so an aggrieved party can file a timely appeal.
Permitting this appeal to proceed allows the case to be decided on the merits rather than dismissing it based on faulty procedures. This is a policy that "has held to be the essence of our rules of civil procedure." Gerstner v. Washington Water Power Company, 122 Idaho 673, 675, 837 P.2d 799, 801 (1992) (citing Sines v. Blaser, 98 Idaho 435, 566 P.2d 758 (1977)). It is a policy which applies equally to proceedings which arise from an administrative agency. Because Halper filed his Petition for Judicial Review on the day the Commissioners indicated as the date the appeal period expired, July 29, 2002, his appeal is timely. The district court erred in determining that it was not timely and in dismissing it based upon lack of jurisdiction.
B. Attorney's Fees on Appeal
Halper requested attorney's fees on appeal based on I.C. § 12-117, asserting that the County acted without a reasonable basis in fact or law by erroneously stating the time within which an appeal could be taken. Jerome County and Quesnell also seek attorney's *566 fees, alleging Halper's appeal is without reasonable basis in law pursuant to I.C. § 12-121. This Court will not award fees on appeal as the matter is being remanded back for further action. See Spur Products Corp. v. Stoel Rives, LLP, 142 Idaho 41, 122 P.3d 300 (2005).

IV.

CONCLUSION
The Commissioners gave inadequate notice to the public of when their decision would become final, leading to confusion as to when the appeal period expired. Halper reasonably interpreted the Commissioners' decision to set a final date of appeal for July 29, 2002. Because the appeal was filed by that date, it is timely and should be heard by the district court. The district court's decision is vacated and remanded. We award costs on appeal to Halper.
Chief Justice SCHROEDER, Justices BURDICK and JONES and Justice KIDWELL, Pro Tem concur.