# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34593

| | | |
|---|---|---|
| MARVIN ERICKSON, | ) | |
| | ) | **Boise, February 2009 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2009 Opinion No. 32** |
| v. | ) | |
| | ) | **Filed: March 5, 2009** |
| IDAHO BOARD OF REGISTRATION OF | ) | |
| PROFESSIONAL ENGINEERS AND | ) | **Stephen W. Kenyon, Clerk** |
| PROFESSIONAL LAND SURVEYORS, | ) | |
| | ) | |
| Defendant-Respondent, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| ALAN SODERLING, | ) | |
| | ) | |
| Intervenor-Appellant. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. John T. Mitchell, District Judge.

The judgment of the district court is <u>vacated</u> and this appeal is <u>dismissed</u>.

Capitol Law Group, PLLC, Boise, for appellant. Jay J. Kiiha argued.

Beck & Poorman, LLC, Hayden, for respondent Erickson. Scott L. Poorman argued.

Kane & Tobiason, Boise for respondent Board. Michael J. Kane argued.

---

EISMANN, Chief Justice.

This is an appeal from a decision of the district court on a petition for review of an agency action. Because the petition for review was not timely filed, we vacate the judgment of the district court and dismiss this appeal.

## I. FACTS AND PROCEDURAL HISTORY

On June 14, 2005, Marvin Erickson (Erickson) sent a verified letter to the Idaho Board of Registration of Professional Engineers and Professional Land Surveyors (Board)[1] alleging that Alan Soderling (Soderling), a professional engineer, had violated several of the Board's rules of professional responsibility. At its regularly scheduled meeting in mid-September 2005, the Board voted to conduct an investigation into Erickson's complaint. The Board's executive director and primary investigator recused himself because of a prior relationship with Soderling's employer. The Board ultimately found another professional engineer who agreed to investigate the complaint.

Idaho Code § 54-1220(2) provides, "All charges, unless dismissed by the board as unfounded or trivial, or unless settled informally, shall be heard by the board within six (6) months after the date they were received at the board office unless such time is extended by the board for justifiable cause." Because of other commitments and scheduling difficulties, the engineer who agreed to investigate the complaint did not complete his investigation before the expiration of the six-month period specified in Section 54-1220(2). On March 2, 2006, the Board found that there was good cause for extending the six-month period and ordered "that the period be extended until such time as we exhaust the need for further investigation or negotiation of a Stipulation and Consent Order."

On April 21, 2006, Soderling moved to dismiss Erickson's complaint with prejudice on the ground that because the six-month period for holding a hearing had expired before the Board took action to extend it, the Board had no power to extend the period. Soderling asked that the complaint therefore be dismissed with prejudice. Erickson responded with a written objection to the motion and a supporting memorandum. On May 12, 2006, the Board issued an order dismissing Erickson's complaint. It did not state whether the dismissal was with or without prejudice.

On June 5, 2006, Erickson submitted a motion for reconsideration along with a supporting memorandum. Soderling filed a written response to Erickson's motion. On June 10, 2006, the Board issued an order denying the motion for reconsideration.

---

[1] In 2008, the name of the Board was changed to the "Idaho Board of Licensure of Professional Engineers and Professional Land Surveyors." Ch. 378, § 3, 2008 Idaho Sess. Laws 1021, 1024-1026.

On July 12, 2006, Erickson filed a petition for judicial review. Soderling moved to dismiss the petition on the ground that it was untimely because the time for filing the petition expired on July 10, 2006. After filing that motion, Soderling filed a motion to intervene in this action, which was granted. The court heard the motion to dismiss on November 1, 2006, and on November 9, 2006, it entered a decision and order denying the motion. The court held that the twenty-eight day period within which to file the petition for review did not begin to run until the order denying reconsideration was served by the Board on June 16, 2006, and therefore the petition for review was timely.

The parties then litigated the merits of the appeal. In a memorandum decision entered on August 8, 2007, the district court held that the Board's interpretation of Idaho Code § 54-1220(2) was reasonable, that once the six-month period had expired the Board lost jurisdiction to hear Erickson's complaint, and that the Board had to dismiss the complaint pursuant to Soderling's motion. Erickson asked the district court to rule upon whether he could re-file his complaint. The district court held that because the Board's dismissal was not on the merits of the complaint, Erickson could re-file it. Soderling then appealed to this Court.

## II. ANALYSIS

We need not address the issues raised by Soderling on this appeal because this Court does not have jurisdiction to hear the appeal. "The filing of a petition for judicial review within the time permitted by statute is jurisdictional." *Horne v. Idaho State University*, 138 Idaho 700, 703, 69 P.3d 120, 123 (2003). "Pursuant to Rule 84(n) [of the Idaho Rules of Civil Procedure], the failure to timely file a petition for judicial review 'shall be jurisdictional and shall cause automatic dismissal of the petition for judicial review.' " *Canyon County Bd. of Equalization v. Amalgamated Sugar Co., LLC*, 143 Idaho 58, 62, 137 P.3d 445, 449 (2006). Even though none of the parties has raised the issue of jurisdiction on appeal, "[t]he question of subject matter jurisdiction may be raised by the Court at any time *sua sponte*." *In re Quesnell Dairy*, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007).

The time for filing a petition for judicial review from the Board's decision was governed by Idaho Code § 67-5273(2), which provides, "A petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the issuance of the final order . . . or, if reconsideration is sought, within twenty-eight (28) days after the decision thereon." The statute

3

requires that if reconsideration of the final order is sought, the petition for judicial review must be filed within twenty-eight days after the decision on the reconsideration. In this case, the decision on the reconsideration was made on June 10, 2006. The twenty-eighth day after that decision was July 8, 2006, which was a Saturday. Erickson had until the following Monday, July 10, 2006, to file the petition for judicial review. *Cather v. Kelso*, 103 Idaho 684, 652 P.2d 188 (1982); I.C. §§ 73-108, 73-109, and 73-110. He did not file his petition for review until July 12, 2006, two days too late. Therefore, neither the district court nor this Court has jurisdiction, and the petition for review must be dismissed.

In order to hold that the petition was timely in this case, the district court ruled that the decision on June 10, 2006, denying reconsideration was the final order; that the petition for review had to be filed within twenty-eight days of the "issuance" of that final order; that "issuance" meant "service"; that the decision denying reconsideration was not served until June 16, 2006; and that the petition for review was therefore timely filed because Erickson had until July 14, 2006, to file it. The district court's analysis is clearly in error.

First, the order denying reconsideration was not "the final order" as that term is used in Idaho Code § 67-5273(2). The district court held that it was "the final order" because it was entitled "Final Order." "The real character of a written instrument is to be judged by its contents and substance, not by its title." *Swinehart v. Turner*, 36 Idaho 450, 452, 211 P. 558, 559 (1922); *accord Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002); *Idah-Best, Inc. v. First Security Bank of Idaho, N.A.*, 99 Idaho 517, 519, 584 P.2d 1242, 1244 (1978). The order dated June 10, 2006, was an order denying reconsideration.

On June 5, 2006, the Board received Erickson's "Motion for Reconsideration"[2] in which he moved "for reconsideration of the FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER issued by the Board of Registration of Professional Engineers and Professional Land

---

[2] The order issued on May 12, 2006, provided, "Any party may file a motion for reconsideration on or before June 1, 2006." The Board's Rules of Procedure require, "All documents in rulemaking or contested cases must be filed with the Executive Director of the Board. Unless otherwise specifically required, only *the original document must be filed*." IDAPA 10.01.01.005 (emphasis added). On June 1, 2006, Erickson mailed and faxed to the Board his motion for reconsideration. The Board did not receive the original motion until June 5, 2006. Although a document can be filed by fax, IDAPA Rule 04.11.01.300 requires that "[w]henever any document is filed by FAX, if possible, originals must be delivered by overnight mail the next working day." The next working day after Friday, June 1, 2006, was Monday, June 4, 2006. There is nothing in the record indicating that delivery by overnight mail the next working day was not possible. However, because it is unnecessary to do so, we express no opinion as to whether the motion for reconsideration was filed timely with the Board.

4

Surveyors dated May 12, 2006." On June 10, 2006, the Board issued an order entitled "Final Order" in which it denied the motion for reconsideration. The "Final Order" stated, "IT IS HEREBY ORDERED that, after reconsideration by the Board of the Petition for Reconsideration filed by Mr. Erickson in this matter, our decision to dismiss the complaint is affirmed." The order entitled "Final Order" was clearly a decision on the motion for reconsideration.

The district court held that the order of May 12, 2006, could be both a decision on reconsideration and the final order.[3] The decision on the motion for reconsideration cannot be "the final order" mentioned in Idaho Code § 67-5273(2). The statute provides, "A petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the issuance of the final order . . . or, if reconsideration is sought, within twenty-eight (28) days after the decision thereon." The order denying reconsideration was certainly *a* final order in the sense it was appealable. The statute, however, refers to "*the* final order." The statute's use of the definite article "the" rather than the indefinite article "a" indicates it was referring to a specific final order rather than to any order that was final in the sense it was appealable. *The* final order would be the initial final order, which in this case is the order that Erickson sought to have reconsidered.

The statutory language "or, if reconsideration is sought" has to be reconsideration of the previously issued final order. If there was any question about that, Idaho Code § 67-5246(4) resolves it. That statute, entitled "Final Orders – Effectiveness of Final Orders," states: "Unless otherwise provided by statute or rule, any party may file a motion for reconsideration of any final order issued by the agency head within fourteen (14) days of the issuance of that order. The agency head shall issue a written order disposing of the petition." The motion for reconsideration seeks "*reconsideration of any final order*." The final order must already have been issued when the motion for reconsideration is filed. An order denying reconsideration of the final order cannot also be the final order that the motion sought to have reconsidered. For the order denying reconsideration to also be the final order, it would have to be denying reconsideration of itself. Thus, the order issued on May 12, 2006, was "the final order" under

---

[3] The district court wrote that "there was a 'Final Order' rendered by the Board on June 10, 2006, but that 'Final Order' is also the 'order denying petition for reconsideration' "

Section 67-5273(2), and the order issued on June 5, 2006, was the decision on the motion for reconsideration.

The order issued on May 12, 2006, meets the definition of a final order. An "order" "means an agency action of particular applicability that determines the legal rights, duties, privileges, immunities, or other legal interests of one (1) or more specific persons." I.C. § 67-5201(12). An order issued by the agency head is a final order. I.C. §§ 67-5243(1) and 67-5246(1)-(3). In this case, the Board was the agency head. I.C. § 67-5201(4). The order of May 12, 2006, was issued by the Board, and it dismissed Erickson's complaint. It was therefore "the final order" as that term is used in Idaho Code § 67-5273(2). *See Westway Constr., Inc. v. Idaho Transp. Dept.*, 139 Idaho 107, 73 P.3d 721 (2003).

The district court also held that the word "issuance" means "service."[4] It stated that it was "convinced the word 'issuance' contemplates service of the order." Again, the district court erred. The prior version of the Administrative Procedure Act enacted in 1965 provided that a petition for judicial review must be filed "within 30 days *after the service of* the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon." Ch. 273, § 15, 1965 Idaho Sess. Laws 701, 710 (emphasis added). In 1992, that code section was repealed, and the statute enacted in its place provided that the petition for judicial review must be filed "within twenty-eight (28) days *of the issuance of* the order or, if reconsideration is sought, within twenty-eight (28) days of the decision thereon." Ch. 263, §§ 41 & 45, 1992 Idaho Sess. Laws 783, 811-12 (emphasis added). The effect of the 1992 legislation was to change the commencement of the time period for filing a petition for judicial review from "the service of the final decision" to "the issuance of the [final] order." When a statute is amended we presume that the legislature intended to change the meaning of the statute. *Athay v. Stacey*, 142 Idaho 360, 366, 128 P.3d 897, 903 (2005); *DeRousse v. Higginson*, 95 Idaho 173, 176, 505 P.2d 321, 324 (1973). Therefore, because the legislature changed "service" to "issuance," the word "issuance" clearly does not mean service. The Board's "Findings of Fact, Conclusions of Law and Order" was issued on the date it was signed, May 12, 2006. That is the date of *issuance*, not the date of service.

---

[4] The word "issuance" is not in the portion of Idaho Code § 67-5273(2) specifying the time period for filing a petition for judicial review if a party filed a motion for reconsideration.

The use of "issuance" or "issue" in other statutes also shows that those words do not mean or contemplate "service." The following are a few examples. Idaho Code § 67-5251(4) provides that before taking official notice of facts, "[n]otice . . . must be provided before the *issuance* of any order that is based in whole or in part on facts or material noticed." (Emphasis added.) Obviously, the statute does not require notice before the "service" of the order, because that would be too late. The decision would already have been made. Both Idaho Code §§ 67-5244(2)(a) and 67-5245(6)(a) require an agency head to "*issue* a final order in writing." They are obviously not referring to "serving" the order. The original jurisdiction of this Court "extends to the *issuance* of writs of mandamus, certiorari, prohibition, habeas corpus, and all writs necessary or proper to the exercise of its appellate jurisdiction." I.C. § 1-203 (emphasis added). This Court does not need jurisdiction to serve those writs. Idaho Code § 1-1607(3) provides that on non-judicial days, "writs of attachment, executions, injunctions and writs of prohibition may be *issued and served.*" (Emphasis added.) Idaho Code §§ 6-310 and 6-320 provide that in the specified landlord-tenant litigation, "a summons must be *issued*, *served* and returned as in other actions." (Emphasis added.) Idaho Code 7-1509(1) provides that the evaluator under the Small Lawsuit Resolution Act "shall *issue* a written, signed decision" and that "[t]he decision shall be *served* on the parties." (Emphasis added.) Idaho Code § 19-4530(1) provides that in extradition proceedings, the person arrested "may waive the *issuance and service* of the warrant." (Emphasis added.) Idaho Code § 30-14-604 provides: "An order under subsection (a) of this section is effective on the date of *issuance*. Upon *issuance* of the order, the administrator *shall promptly serve* each person subject to the order with a copy of the order and a notice that the order has been entered." (Emphasis added.)

Because the petition for judicial review was not filed within the time provided by Idaho Code § 67-5273(2), the district court did not have jurisdiction to hear the petition for judicial review, and we do not have jurisdiction to review the merits of the issues raised on appeal to this Court. Therefore, we vacate the judgment of the district court and dismiss this appeal. On remand, the district court shall dismiss the petition for judicial review.

There is one other issue we should address so that other litigants may not be misled. The Board included in both the final order and the order denying reconsideration the following statement regarding the time for filing a petition for judicial review.

7

An appeal must be filed within twenty-eight (28) days (a) of the service date of this final order, (b) of an order denying a petition for reconsideration, or (c) the failure within twenty-one (21) days to grant or deny a petition for reconsideration, whichever is later.

This statement is incorrect with respect to the time to appeal when there has not been a motion for reconsideration. It states that the time for appeal begins to run on "the *service date* of this final order." (Emphasis added.) As explained above, Idaho Code § 67-5273(2) provides that it begins to run on the date of the *issuance* of the final order, not the date of service.

Undoubtedly, the reason for this error is a mistake in the "Idaho Rules of Administrative Procedure of the Attorney General." Rule 04.11.01.740.02(c) requires that every final agency order include or be accompanied by a statement in writing informing the parties as follows:

An appeal must be filed within twenty-eight (28) days (a) of the service date of this final order, (b) of an order denying petition for reconsideration, or (c) the failure within twenty-one (21) days to grant or deny a petition for reconsideration, whichever is later.

Likewise, Rule 04.11.01.791.02 states that the time for appeal is as follows:

**Time.** Pursuant to Section 67-5273, Idaho Code, a petition for judicial review of a final order in a contested case must be filed within twenty-eight (28) days:
a.      Of the service date of the final order,
b.      Of the denial of the petition for reconsideration, or
c.      The failure within twenty-one (21) days to grant or deny the petition for reconsideration.

Both Rules state that, with respect to a final order, a petition for review must be filed within twenty-eight days after "the service date of the final order." These Rules are not in accord with Idaho Code § 67-5273(2). Although these Rules were adopted in 1993, they failed to take into account the 1992 statutory amendments. That error did not mislead Erickson in this case, however, because he had filed a motion for reconsideration. In that circumstance, he had to file his petition for judicial review "within twenty-eight days after the decision thereon." I.C. § 67-5273(2).

## III.  CONCLUSION

We vacate the judgment of the district court and dismiss this appeal.  The case is remanded to the district court with directions to dismiss the petition for judicial review.  We award costs on appeal to the respondents.


Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.