IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36970

| | | |
|---|---|---|
| CITY OF EAGLE, | ) | |
| | ) | |
|     Petitioner-Appellant, | ) | Boise, January 2011 Term |
| | ) | |
| v. | ) | 2011 Opinion No. 19 |
| | ) | |
| IDAHO DEPARTMENT OF WATER RESOURCES, | ) | Filed: February 7, 2011 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
|     Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

Dismissal of petition for judicial review, <u>affirmed.</u>

Moore, Smith, Buxton & Turcke, Boise, for appellant. Bruce M. Smith argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Shasta J. Kilminster-Hadley, Deputy Attorney General argued.

_____

BURDICK, Justice

In 2005, Appellant City of Eagle (Eagle) filed two applications to appropriate water for municipal use. On July 3, 2008, Respondent Idaho Department of Water Resources (IDWR) signed and served the Order on Reconsideration, which confirmed the Final Order approving Eagle's applications subject to certain limitations and conditions. IDWR failed to properly serve Eagle and another party on July 3, 2008. To correct the error, IDWR re-served the July 3, 2008 Order on Reconsideration on July 16, 2008, this time properly serving all parties. On August 11, 2008, Eagle filed a petition for judicial review of the Order on Reconsideration. The district court dismissed Eagle's petition as untimely, holding that the twenty-eight-day appeal period began to run on July 3, 2008. Eagle appeals, arguing that the appeal period began on July 16, 2008. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2005, Eagle filed two applications for permits to appropriate water for municipal use. On July 17, 2007, the hearing officer issued a preliminary order approving the applications. Numerous parties filed petitions for reconsideration, and on October 4, 2007, the hearing officer issued an Amended Preliminary Order. Eagle and Joseph Moyle, Lynn Moyle and Mike Moyle (the "Moyles") filed exceptions to the hearing officer's order. On February 26, 2008, the Director of IDWR issued the Final Order, which approved the applications subject to limitations and conditions. The explanatory sheet that accompanied the Final Order stated that appeals were due "within twenty-eight (28) days . . . of an order denying petition for reconsideration."

Eagle and the Moyles filed independent petitions for reconsideration. On July 3, 2008, IDWR issued its Order on Reconsideration, which confirmed the Final Order. The Order on Reconsideration states, "any party aggrieved by this order and the Final Order . . . may appeal the orders to district court by filing a petition for judicial review within twenty-eight (28) days of the service date of this order." IDWR served the Order on Reconsideration on the same day it was issued, July 3, 2008; however, IDWR failed to properly serve Eagle and another party. IDWR served the Order on Reconsideration with the Corrected Certificate of Service on July 16, 2008. The letter accompanying the Corrected Certificate of Service states:

> Enclosed is a corrected Certificate of Service for the "Order on Reconsideration Confirming Final Order Issued February 26, 2008" ("order") issued by the Director on July 3, 2008. Service of this order on Mr. Smith and Mr. and Mrs. Purdy was not proper. Therefore, for the purpose of filing an appeal, the date of service referred to in the enclosed order is now July 16, 2008.

On August 11, 2008, Eagle filed a petition for judicial review. Eagle asserted that IDWR's Final Order and Order on Reconsideration were arbitrary, capricious, an abuse of discretion, in violation of statutory and constitutional provisions, in excess of IDWR's statutory authority, made upon unlawful procedure and not supported by substantial and competent evidence. On May 1, 2009, IDWR filed a motion to dismiss for failure to file a petition for judicial review within the time required by law. IDWR argued that the last day Eagle could file a timely petition for judicial review of the July 3, 2008 Order on Reconsideration was on July 31, 2008. On August 18, 2009, the district court dismissed the appeal as untimely and did not reach the merits. Eagle appeals.

## II. STANDARD OF REVIEW

Whether the district court had jurisdiction over the action is a question one of law, over which this Court exercises free review. *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009). The failure to file a timely petition for judicial review is jurisdictional and causes automatic dismissal of the petition. I.R.C.P. 84(n).

## III. ANALYSIS

Pursuant to I.R.C.P. 84(b)(1), "a petition for judicial review from an agency to district court must be filed with the appropriate district court within twenty-eight (28) days after the agency action is ripe for judicial review under the statute authorizing judicial review", unless a different time is prescribed by statute. Idaho Code § 42-1701A(4) provides: "Any person who is aggrieved by a final decision or order of the director [of IDWR] is entitled to judicial review. The judicial review shall be had in accordance with the provisions and standards set forth in chapter 52, title 67, Idaho Code." At the time this action arose, Idaho Code § 67-5273(2) stated, in relevant part: "A petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the issuance of the final order . . . or, if reconsideration is sought, within twenty-eight (28) days after the decision thereon."[1] 1992 Idaho Session Laws, ch. 263, § 45, p. 812.

The district court dismissed Eagle's appeal as untimely pursuant to our decision in *Erickson*. In *Erickson*, the petition for judicial review was filed more than twenty-eight days after the agency issued its order denying the motion for reconsideration but within twenty-eight days of service. 146 Idaho at 854, 203 P.3d at 1253. This Court explained that I.C. § 67-5273 "requires that if reconsideration of the final order is sought, the petition for judicial review must be filed within twenty-eight days after the decision on the reconsideration." *Id.* This Court dismissed the appeal and held that the twenty-eight-day appeal period began on the day that the agency issued the order on reconsideration, which was the day the order on reconsideration was signed and dated, not the day on which it was served. *Id.* at 853–54, 203 P.3d at 1252-53.

---

[1] Idaho Code § 67-5273(2) was amended in 2010 such that the period for filing a petition for judicial review now begins to run on the date of service. 2010 Idaho Session Laws, ch. 255, § 5, p. 648. Idaho Code § 67-5273(2) currently reads, *inter alia*: "A petition for judicial review of a final order . . . must be filed within twenty-eight (28) days of the *service date* of the final order . . . or, if reconsideration is sought, within twenty-eight (28) days after the *service date* of the decision thereon." (Emphasis added).

Eagle warns that agencies can completely shield themselves from judicial review under the *Erickson* interpretation. Eagle points out that both the Idaho Administrative Procedure Act (IAPA) and IDWR's rules provide that an appeal from an order on a motion for reconsideration must be filed within twenty-eight days after a decision on the motion, neither the IAPA nor IDWR's rules specify when an order on the motion for reconsideration becomes final and appealable or is deemed "issued." *See* I.C. § 67-5273(2); IDAPA 37.01.01.791.02. Additionally, while both the IAPA and IDWR's rules require service of orders upon those affected, neither requires the agency to serve the orders within any time period after the decision is signed. *See* I.C. § 67-5248(3); IDAPA 37.01.01.0555. However, as will be discussed in Section B of this opinion, our cases establish that an agency must clearly notify the public as to when an order is final so that interested persons can timely appeal. Additionally, I.C. § 67-5273 has been amended since this Court's decision in *Erickson* and since Eagle filed the petition in this case. Now, I.C. § 67-5273 explicitly provides that the appeal period begins to run on the service date of a final order or on the service date of a decision on the motion for reconsideration, not on the issuance date. *See supra* note 1. This change to I.C. § 67-5273, in conjunction with the IAPA's requirement that all parties to a contested case be served with a copy of the order, I.C. § 67-5248(3), prevents an agency from evading review in the manner Eagle has suggested.

It is undisputed that Eagle filed the petition for judicial review more than twenty-eight days after July 3, 2008, the day IDWR signed and dated the Order on Reconsideration. However, Eagle argues that when IDWR served the Order on Reconsideration on July 16, 2008, IDWR effectively reissued the Order on Reconsideration and restarted the appeal period. Eagle also argues that IDWR misled Eagle as to when the Order on Reconsideration was final by stating in both the Order on Reconsideration and in the letter accompanying the Corrected Certificate of Service that the appeal period began on the day of service. Eagle also argues, based on these same statements by IDWR, that IDWR is estopped from arguing that the appeal period began on July 3, 2008. We address each of Eagle's arguments in turn.

**A. IDWR did not reissue the Order on Reconsideration on July 16, 2008.**

It is undisputed that on July 3, 2008, IDWR dated and signed the Order on Reconsideration. Under *Erickson*, this means the Order on Reconsideration was issued on July 3, 2008, triggering the twenty-eight day appeal period. Eagle's petition filed on August 11,

2008, was filed more than twenty-eight days later. Eagle argues, however, that when IDWR corrected the error in service on July 16, 2008, it reissued the Order on Reconsideration and thereby reset the period for filing a petition for judicial review. Eagle relies on the fact that IDWR's July 16, 2008 letter accompanying the Corrected Certificate of Service stated that the time period for filing a petition for judicial review would now start on July 16, 2008.

We find that IDWR's actions on July 16, 2008, constitute nothing more than serving the original Order on Reconsideration issued July 3, 2008, and thus, Eagle's appeal is untimely under *Erickson*. The letter accompanying the Corrected Certificate of Service itself states that the Order on Reconsideration was issued on July 3, 2008. The letter states, *inter alia*: "Enclosed is a corrected Certificate of Service for the 'Order on Reconsideration Confirming Final Order Issued February 26, 2008' ('order') *issued by the Director on July 3, 2008*." (Emphasis added). IDWR's statement in the letter concerning the appeal period appears to be nothing more than the result of IDWR's erroneous belief that the appeal period begins when an order is served. IDWR made the same error—stating that the appeal period began when the Order on Reconsideration was served—in the Order on Reconsideration itself.

## B. IDWR did not mislead Eagle such that Eagle is entitled to relief pursuant to *Petersen* and *Quesnell Dairy*.

Eagle relies on *Petersen v. Franklin County*, 130 Idaho 176, 938 P.2d 1214 (1997) and *In re Quesnell Dairy*, 143 Idaho 691, 152 P.3d 562 (2007), to argue that it is entitled to relief because it was misled by IDWR as to when the appeal period runs. The landowners in *Petersen* had filed a petition for judicial review of Franklin County's site selection of a solid waste landfill. 130 Idaho at 178, 938 P.2d at 1216. This Court held that while the agency had made a final decision at the January 26 public meeting, the time period for filing a petition for judicial review did not begin to run on that day, because the public had not been put on notice that a final decision had been made. *Id.* at 183, 938 P.2d at 1221. This Court explained:

> The word "final" does not appear in the minutes. The landfill is referred to as "proposed." The public is invited to make further comments concerning the site within thirty (30) days to the Commissioners, as well as the DEQ. The public was led to believe that there was a thirty (30) day period in which to object to DEQ and the Commission about the site selection rather than a twenty-eight (28) day period in which to appeal a final decision under the APA. I.C. § 67-5273(3).
> Confusion as to whether the Commission had made a final decision on site selection was compounded by the Commission's failure to publish its decision as required by section 39-7408(d) of the Idaho Code. . . . [F]ailure to publish the notice, together with the failure to announce a final decision and the invitation to

5

> make further comment to the County deprived the public of adequate notice that the twenty-eight (28) day time period for appealing the site selection had begun to run.

*Id.* at 183–84, 938 P.2d 1221–22.

In *Quesnell Dairy*, the district court had dismissed Appellants' petition for judicial review of the permit issued by Jerome County to construct and operate a cattle feed operation as untimely. 143 Idaho at 692–93, 152 P.3d at 563–64. This Court found that it was not clear when the agency decision had become final and remanded to the district court to reach the merits. *Id.* at 694, 152 P.3d 565. This Court explained:

> In the instant case . . . the Commissioners issued their findings and conclusions with confusing language, which can be read to indicate either that the decision would not become final until July 29, 2002, or that July 29th was the date on which the appeal time would expire. . . . In its opinion, the district court expressed uncertainty as to whether the Commissioners signed the decision on June 28th (a Friday) or whether they actually signed it on July 1st (the following Monday), inadvertently using the incorrect date. Another realistic possibility that was not articulated by the parties is that the decision was signed on June 28th, late on a Friday, with the intent that it be filed and become final on the following business day, July 1st. Regardless of what led to the discrepancy between the dated signatures and the filing deadline, it was logical for the aggrieved party, Halper, to assume that the Commissioners' June 28th decision was not effective until July 1, 2002, and the time for appeal would not expire until July 29, 2002, as indicated in the written findings. Such an assumption was reasonable in light of the wording of the final paragraph of the Commissioners' findings and conclusions.

*Id.* at 694, 152 P.3d at 565.

*Petersen* and *Quesnell Dairy* provide relief only when the agency fails to make clear when the decision is final and, hence, appealable. In *Quesnell Dairy*, we said of *Petersen*: "This Court has held that *when confusion arises as to when a governmental agency has made a final decision*, thus starting the clock for the appeal period, the public will not be held accountable for the consequences of such inadequate notice." *Id.* at 693, 152 P.3d at 564 (emphasis added). "The *Petersen* case illustrates the need for the agency making a final decision to make clear when the decision becomes final so an aggrieved party knows precisely when the appeal period begins to run." *Id.* at 693–94, 152 P.3d 564–65. We went on to clarify the limited reach of *Petersen*, stating:

> [Appellant] mischaracterizes *Petersen* in his brief by asserting the case stands for the proposition that an appeal period is tolled where the public is misled about when that period runs. This incorrectly implies that the 28-day appeal under I.C.

§ 67-6521(d) was extended due to confusion as to when the appeal period ran. Rather, *Petersen* protects the integrity of the 28-day appeal period and simply notes that the agency must be clear in indicating when the decision is final and hence, appealable.

*Id.* at 694, 152 P.3d at 565.

Eagle argues that IDWR's statement in the Order on Reconsideration that the appeal period begins to run on the date of service created confusion as to the date on which the order was final. As already explained in the previous section of this opinion, the Order on Reconsideration was issued when it was signed and dated on July 3, 2008, and there are no reasonable grounds upon which Eagle could have been confused as to the date of issuance. The letter accompanying the Corrected Certificate of Service explicitly referred to the Order on Reconsideration "issued by the director on July 3, 2008." While that letter purported to extend the appeal period, this Court explained in *Quesnell Dairy* that while the Commissioners have the power to determine when a decision is final and appealable, they do not have the power to set the time frame for appeal in excess of twenty-eight days. 143 Idaho at 694, 152 P.3d at 565. This Court explained, "[T]he determination of when a board of county commissioners has concluded public testimony and their deliberations and have made a final ruling is entirely within the discretion of the board. The board is simply required to clearly notify the public of the date of that decision so an aggrieved party can file a timely appeal." *Id.* While IDWR made legally erroneous statements concerning the running of the appeal period, we find that IDWR clearly stated that the issuance for the Order on Reconsideration was July 3, 2008.

**C. IDWR is not estopped from arguing that the appeal period began on July 3, 2008.**

According to Eagle, the doctrine of quasi-estoppel prohibits IDWR from asserting that the appeal period began on July 3, 2008, where IDWR previously asserted in both the Order on Reconsideration and in the letter accompanying the Corrected Certificate of Service that the period began on the date of service, July 16, 2008. Quasi-estoppel is properly invoked against a person asserting a claim inconsistent with a position previously taken by him with knowledge of the facts and his rights, to the detriment of the person seeking application of the doctrine. *KTVB, Inc. v. Boise City*, 94 Idaho 279, 282, 486 P.2d 992, 995 (1971). The doctrine of quasi-estoppel applies when it would be unconscionable to allow a party to assert a right which is inconsistent with a prior position. *Mitchell v. Zilog, Inc.*, 125 Idaho 709, 715, 874 P.2d 520, 526 (1994).

Estoppel is not appropriate where jurisdiction is at issue. This Court recently explained in *State v. Urrabazo*, No. 33459, 33460, 2010 WL 5186723, at *5 (Dec. 23, 2010):

> "Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007). The source of this power comes from Article V, Section 20, of the Idaho Constitution, which provides that district courts "shall have original jurisdiction in all cases, both at law and in equity, and *such appellate jurisdiction as may be conferred by law*." Idaho Const., art. V, § 20. This issue is so fundamental to the propriety of a court's actions, that *subject matter jurisdiction can never be waived or consented to, and a court has a sua sponte duty to ensure that it has subject matter jurisdiction over a case*. *See* Idaho R. Civ. P. 12(g)(4).

(Emphases added).

The failure to file a timely petition for judicial review is jurisdictional and causes automatic dismissal of the petition. I.R.C.P. 84(n). Idaho Code § 67-5273(2) confines the courts' jurisdiction to those petitions filed within the prescribed time period. IDWR does not have the authority to expand the courts' jurisdiction by waiving or consenting to subject matter jurisdiction, and even if IDWR was estopped from claiming the appeal period began on July 3, 2008, this Court has a *sua sponte* duty to determine whether the appeal was filed within the time prescribed in I.C. § 67-5273(2).

## IV. CONCLUSION

We affirm the district court's dismissal of Eagle's petition for judicial review as untimely. Costs to IDWR.

Justices J. JONES, W. JONES, HORTON and TROUT, PRO TEM, **CONCUR.**

8