**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48657**

| | |
|---|---|
| CINDY A. CHAMBERS, | ) |
| | ) **Filed: October 18, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| IDAHO BOARD OF PHARMACY AND AGENCY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Appeal from judgment dismissing petition for judicial review, <u>dismissed</u>.

Bernadette C. Buentgen, Eagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Alexandra A. Breshears, Deputy Attorney General, Boise, for respondent. Alexandra A. Breshears argued.

_____

LORELLO, Judge

Cindy A. Chambers appeals from the judgment dismissing her petition for judicial review. Because Chambers' petition for judicial review was not timely filed with the district court, we dismiss this appeal for lack of jurisdiction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In an agency action involving Chambers' pharmaceutical license, the Idaho State Board of Pharmacy dismissed an administrative complaint filed against Chambers. The Board's findings of fact, conclusions of law and final order notified Chambers that she was "entitled to recover her reasonable attorney's fees" by filing a memorandum "in accordance with" Idaho Administrative Procedures Act (IDAPA) Rule 04.11.01.741. Under that rule, Chambers had fourteen days from

1

service of the Board's final order to file a memorandum of attorney fees. The Board served its final order on May 7, 2019.

More than seven months later, on December 13, 2019, Chambers filed a declaration detailing the attorney fees she incurred in the agency action. Chambers' attorney also submitted evidence detailing her health problems and argued that "good cause exists to extend the time due to [her] health." The Board opposed the request for attorney fees on the basis that it was untimely because the request was not filed within fourteen days of the final order. The parties filed additional documents related to Chambers' request for attorney fees, after which the Board held a hearing on the matter. The Board denied the request, finding there was not good cause under IDAPA 04.11.01.741.02(d) for Chambers' untimely request for attorney fees. Chambers filed a petition for judicial review with the district court. The district court affirmed the Board's determination and dismissed Chambers' petition for judicial review. Chambers again appeals.

## II.

## ANALYSIS

Chambers advances multiple arguments asserting that the district court erred in dismissing her petition for judicial review. Because we lack jurisdiction over this appeal, we decline to address Chambers' arguments. An appellate court has a duty to ensure that it has subject matter jurisdiction over an appeal, which includes raising the issue sua sponte. *City of Eagle v. Idaho Dep't of Water Res.*, 150 Idaho 449, 454, 247 P.3d 1037, 1042 (2011). A district court lacks jurisdiction over a petition for judicial review if the petitioner fails to file the petition within the applicable deadline. I.R.C.P. 84(n). If a district court lacks jurisdiction, so too does the reviewing appellate court. *Erickson v. Idaho Bd. of Registration of Prof'l Eng'rs & Prof'l Land Surveyors*, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009) *superseded by statute on other grounds as recognized by City of Eagle*, 150 Idaho 449, 247 P.3d 1037.

To seek judicial review of a final order issued by the Board, a petitioner must file a petition "within twenty-eight (28) days of the service date of the final order." I.C. § 67-5273 (cited by IDAPA 04.11.01.791.02); *see also* I.R.C.P. 84(b)(1)(A) (providing twenty-eight-day deadline for a petition for judicial review "unless a different time . . . is prescribed by statute"). By administrative rule, service "is complete when a copy, properly addressed and stamped, is deposited in the United States mail or the Statehouse mail, if the party is a State employee or State

2

agency, or when there is an electronic verification that a facsimile transmission or an e-mail has been sent." IDAPA 04.11.01.055.03. A mailing date listed on a certificate of service is generally determinative of when a document was mailed. *See Shelton v. Shelton*, 148 Idaho 560, 564, 225 P.3d 693, 697 (2009). However, contrary evidence regarding the date of mailing may call into question the date listed on a certificate of service. *Cf. Moore v. Melaleuca, Inc.*, 137 Idaho 23, 27-28, 43 P.3d 782, 786-87 (2002) (affirming agency's determination that a notice of protest was timely filed, despite being postmarked with an untimely date, based on appellant's evidence that she delivered the notice to the post office within appeal deadline).

The certificate of service attached to the Board's order denying Chambers' request for attorney fees indicates that the Board's investigations support coordinator served a copy of the order on Chambers by mail and email on April 28, 2020. This date of service is presumptively correct. Any dispute regarding the accuracy of this date of service was required to be raised and resolved in the district court and cannot be addressed for the first time on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (noting that issues not raised below generally will not be considered for the first time on appeal). Thus, Chambers had until May 26, 2020, to file her petition for judicial review. *See* IDAPA 04.11.01.056 (administrative rule governing computation of time). Chambers filed her petition for judicial review on May 27, 2020, one day late. Consequently, the district court lacked subject matter jurisdiction over Chambers' petition for judicial review. This Court, therefore, lacks jurisdiction over Chambers' appeal.

## III.
## CONCLUSION

Chambers failed to file a timely petition for judicial review. Consequently, we dismiss this appeal for lack of jurisdiction. Costs, but not attorney fees, on appeal to this Court are awarded to the Board as the prevailing party.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.