## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 53207

| | |
|---|---|
| MICHAEL L. REID,<br><br>      Petitioner-Appellant,<br><br>v.<br><br>TETON COUNTY, IDAHO,<br><br>      Defendant-Appellant. | )<br>)  **Filed: April 29, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Steven W. Boyce, District Judge.

Appeal from order dismissing petition for judicial review of a zoning ordinance, <u>dismissed</u>.

Michael L. Reid, Victor, pro se appellant.

Richard Stout, Teton County Prosecuting Attorney; Burkley M. Rudd, Deputy Prosecuting Attorney, Driggs, and Hopkins Roden Crockett Hansen & Hoopes, P.L.L.C.; D. Andrew Rawlings, Idaho Falls, for respondent.

_____

MELANSON, Judge Pro Tem

Michael L. Reid appeals from the district court's order dismissing his petition for judicial review of Teton County, Idaho's repeal of portions of its former zoning and subdivision code and its replacement with a land development code that included a new zoning ordinance. Because Reid's petition for judicial review was not timely filed with the district court, we dismiss this appeal for lack of jurisdiction.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2022, the Teton County Board of Commissioners adopted amendments to its land development regulations that repealed and reenacted portions of the county's zoning code. The

1

ordinance took effect on August 3, 2022. Reid owns property in Teton County that was subject to the revised zoning regulations.

On August 2, 2024, Reid filed a petition for judicial review in the district court pursuant to I.R.C.P. 84. Reid argued that Teton County violated I.C. § 67-6511 by failing to provide adequate notice of the zoning change. Teton County moved to dismiss the petition. The district court concluded the petition for judicial review was untimely under I.C. § 67-6521 because it was filed beyond the twenty-eight-day deadline for seeking judicial review of a land-use decision and determined Reid had not exhausted his administrative remedies. The district court dismissed the petition. Reid filed a motion for rehearing, which the district court granted to permit additional briefing. Following rehearing, the district court again dismissed the petition. Reid appeals.

## II.

## ANALYSIS

Reid advances multiple arguments that the district court erred in dismissing his petition for judicial review. An appellate court has a duty to ensure that it has subject matter jurisdiction over an appeal, which includes raising the issue sua sponte. *City of Eagle v. Idaho Dep't of Water Res.*, 150 Idaho 449, 454, 247 P.3d 1037, 1042 (2011). A district court lacks jurisdiction over a petition for judicial review if the petitioner fails to file the petition within the applicable deadline. I.R.C.P. 84(n). If a district court lacks jurisdiction, so too does the reviewing appellate court. *Erickson v. Idaho Bd. of Registration of Prof'l Eng'rs & Prof'l Land Surveyors*, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009) *superseded by statute on other grounds as recognized by City of Eagle*, 150 Idaho 449, 247 P.3d 1037.

To seek judicial review of a final zoning decision, a petitioner must file a petition within twenty-eight days after exhaustion of all administrative remedies. I.C. § 67-6521(1)(d). This statutory deadline is mandatory and not subject to judicial discretion, and the district court is statutorily obligated to dismiss a petition that does not comply with those requirements. *Richardson v. Blaine Cnty.*, 171 Idaho 806, 814, 526 P.3d 976, 984 (2023).

The zoning decision became effective on August 3, 2022. Thus, Reid had until August 31, 2022, to file his petition for judicial review. The petition was not filed until August 2, 2024--nearly two years after the deadline. Reid has failed to show that the statutory deadline was extended due to additional time spent exhausting administrative remedies. Because the statutory deadline for

2

filing a petition for judicial review is mandatory and jurisdictional, the untimely petition failed to invoke the district court's subject matter jurisdiction. As a result, this Court likewise lacks jurisdiction over the appeal.

Teton County argues that it is entitled to costs and attorney fees on appeal, arguing that Reid's appeal is frivolous. Pursuant to I.C. § 12-121 and I.A.R. 41, an award of attorney fees may be granted to the prevailing party, and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or if no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). This standard is satisfied in this case. Accordingly, Teton County is entitled to costs and attorney fees on appeal as the prevailing party.

### III.

### CONCLUSION

Reid failed to timely file petition for judicial review sufficient to invoke the district court's subject matter jurisdiction. Consequently, we dismiss this appeal for lack of jurisdiction. Costs and attorney fees on appeal are awarded to Teton County.

Judge HUSKEY and Judge LORELLO, **CONCUR**.